IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REYES RAMIREZ,**

    **Plaintiff,**

vs.                                                                             No.  05cv0745 DJS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412 **[Doc. No. 19].** Plaintiff moves the Court for an award of attorney's fees in the amount of $11,041.20 for 69.40 hours of work before the Court. The Commissioner objects to Plaintiff's motion. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is well taken and will be **GRANTED**.

### I.  Discussion

"The Equal Access to Justice Act provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R.Ret. Bd.*, 990 F.2d 519, 520 (10th Cir. 1993)(quotations omitted). The Commissioner has the burden of demonstrating that his position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir.2007). Under Tenth Circuit law, "substantially justified" means the Commissioner's position was reasonable in

law and in fact and thus can be "justified to a degree that could satisfy a reasonable person."  *Id.*  Even though the Commissioner's position turns out to be incorrect, it can still be justified.  *Id.* at 1172.  Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified. *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir.1992).

### A.  The Medical-Vocational Guidelines  (grids) and Nonexertional Impairments

In this case, the ALJ found that Mr. Ramirez 's severe medical impairments had resulted in two separate nonexertional limitations that affected his residual functional capacity (RFC) and thus his ability to work.

 First, the ALJ found Mr. Ramirez had nonexertional environmental restrictions due to his asthma.  Specifically, the ALJ determined Mr. Ramirez had to avoid intense exposure to smoke, fumes, dust, high wind, extreme could, and poorly ventilated spaced.  Additionally, the ALJ found Mr. Ramirez's capacity for light work was s**ubstantially intact** and had not been significantly compromised by **any** nonexertional  limitations.

The Commissioner contends that because Mr. Ramirez's limitations did not prevent him from performing a substantial majority of light work, the ALJ did not err by not calling a vocational expert to testify.  Therefore, the Commissioner argues he was substantially justified in defending the ALJ's step five denial in this case.  In support of his position, the Commissioner cites to the following passages in the Tenth Circuit's Order and Judgment, reversing and remanding this case:

> As noted above, the ALJ found that Mr. Ramirez must  "avoid intense exposure to smoke, fumes, dust, high wind, extreme cold, and poorly ventilated spaces."  These are nonexertional environmental restrictions that are related to his asthma   The ALJ also found, however, that Mr. Ramirez's "capacity for light work is substantially intact and has not been significantly compromised by any nonexertional limitations."  We interpret this statement to be a finding by the ALJ that Mr. Ramirez's environmental restrictions are insignificant from a vocational standpoint and do not

> prevent him from performing most of the jobs in the light work category. Although this may in fact be the case, **out of an abundance of caution**, we conclude that the ALJ needs to support this finding with testimony from a vocational expert.

and

> As set forth above, the ALJ also imposed a nonexertional limitation related to Mr. Ramirez's knee and/or back pain, finding that he must be limited to only "occasional kneeling and crawling." **Although we anticipate that this limitation may not restrict Mr. Ramirez's ability to perform most of the jobs in the light work category**, as with Mr. Ramirez's environmental restrictions, there is no vocational evidence in the administrative record concerning this limitation.

*Ramirez v. Astrue*, 255 Fed.Appx. 327, 331-32 (10th Cir. Nov. 20, 2007)(citations to appellate record omitted)(emphasis added).  The Commissioner contends these passages indicate that significant facts and law supported his position regarding the ALJ conclusively applying the Medical-Vocational Guidelines without consulting a vocational expert.  The Court agrees.

The Tenth Circuit noted in its decision that "'an ALJ may . . . rely conclusively on the grids [if] he finds (1) that the claimant has no significant nonexertional impairment, . . . and (2) that the claimant can perform most of the jobs [at a particular exertional level,' but 'each of these findings must be supported by substantial evidence.'"  *Id.* at 331 (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993)).  The Court also acknowledged that in *Talbot v. Heckler,* 814 F.2d 1456, 1465 (10th Cir. 1987), it had refused "to determine whether environmental restrictions are by their nature the kind of nonexertional impairment that **requires** vocational testimony in order to determine the extent of the erosion of the occupational base."  *Id.* (quoting *Talbot*, 814 F.2d at 1465 n.6)(emphasis added).  The Court then acknowledged that this issue was "still an open question" in the Tenth Circuit.  *Id.*

After careful review of the record, the Court finds that the ALJ applied this law to the facts of this case.  In fact, the Court noted:

> **If**, on remand, the Commissioner determines that Mr. Ramirez's nonexertional impairments **are significant enough to prevent him from performing most of the jobs in the light work category**,

> then [the Commissioner] may not rely [conclusively] on the grids but instead must give full consideration to all [of] the relevant facts, including expert vocational testimony if necessary, in determining whether [Mr. Ramirez] is or is not disabled.

*Ramirez,*, 255 Fed.Appx. at 331 n.3 (internal citations and quotations omitted)(emphasis added). Thus, the ALJ, on remand, could still determine that Mr. Ramirez's nonexertional impairments were not significant enough to prevent him from performing most of the jobs in the light work category.

The Court also took note of Mr. Ramirez's nonexertional limitations related to his knee and/or back pain. *Ramirez,*, 255 Fed.Appx. at 332. The ALJ had limited Mr. Ramirez to only "occasional kneeling and crawling." *Id.* In addressing this nonexertional limitation, the Court acknowledged it "anticipate[d] that this limitation may not restrict Mr. Ramirez's ability to perform most of the jobs in the light work category . . . ." *Id.* Accordingly, the Court finds that the Commissioner's position as to the ALJ's conclusive application of the grids was reasonable in law and fact.

### B.  The ALJ's Step Four Findings and Dr. Davis

The Court also directed the ALJ to make "specific written finding on remand explaining why he did not adopt Dr. Davis's opinion that Mr. Ramirez was unable to work when he assessed Mr. Ramirez's RFC at step four." *Id.* The Court found this was contrary to the dictates of Soc. Sec. R. 96-8p which provides that the RFC assessment must always consider and address medical source opinions. *Id.* Specifically, Soc. Sec. R. 96-8p directs: "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* Soc. Sec. Ruling 96- 8p, 1996 WL 374184, at *7. Mr. Ramirez contends the ALJ's failure to explain why he did not adopt Dr. Davis's opinion was legal error and thus this

failure cannot show that the Commissioner's decision to litigate had a reasonable basis. The Commissioner failed to address this issue in his brief.

In its decision, the Tenth Circuit noted that the issue of whether Mr. Ramirez was able to work was reserved to the Commissioner. Nonetheless, the Court pointed out that the controlling rules provided "that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." *Ramirez,*, 255 Fed.Appx. at 333. Based on the ALJ's failure to follow a specifically controlling legal rule, the Court cannot conclude that the Commissioner's position was reasonable in law or fact and substantially justified as to this issue.

Finally, the Commissioner objects to Mr. Ramirez's request that the EAJA fees be awarded to his attorney. *See Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007)(holding that EAJA award is for the prevailing party and not for the attorney). The Court will direct that payment be made to Mr. Ramirez and not to his attorney.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintif's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412 is **GRANTED.** Mr. Ramirez, not his counsel, is granted EAJA fees in the amount of $11,041.20.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**